POWERS v. NEW YORK HEADQUARTERS KNIGHTS OF COLUMBUS.

(Supreme Court, Appellate Term, First Department. March 5, 1914.)

1. PRINCIPAL AND AGENT (§ 22*)—CREATION AND EXISTENCE OF RELATION—EVIDENCE OF AGENCY.

The testimony of an alleged agent that he had authority to act for the defendant in employing plaintiff was a mere conclusion and not competent proof of such authorization.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 40; Dec. Dig. § 22.*]

2. TRIAL (§ 29*)—CONDUCT OF TRIAL—MISCONDUCT OF JUDGE.

The issue being the authority of K. to act for defendant, the conduct of the judge in stating, after one of defendant's witnesses had testified, and while three other witnesses, who were subsequently called, were waiting to testify, that he would believe K. against defendant's five witnesses denied defendant its day in court, and the judgment for plaintiff must be reversed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 80–83, 508; Dec. Dig. § 29.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Lawrence J. Powers against the New York Headquarters Knights of Columbus. From a judgment for plaintiff, the defendant appeals. Reversed, and new trial ordered.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Walter J. Egan, of New York City, for appellant.
David C. Broderick, of New York City, for respondent.

GUY, J. [1] Defendant appeals from a judgment by the court, acting without a jury, in favor of plaintiff for services of plaintiff and six

---

assistant musicians, who, plaintiff alleges, were employed by defendant's alleged agent, one Kelly, to furnish music at an entertainment given by defendant. Plaintiff proved the making of a contract with Kelly, and that on the evening in question he appeared with his assistants, tendered service, which was refused, and that he and his assistants were ejected from the premises. Kelly, called by plaintiff as a witness, merely testified to his conclusion that he had been authorized to act for defendant, but no competent proof was introduced of such authorization by the general committee of defendant or by any committee having power to act in the matter. Plaintiff then rested.

[2] Defendant called as a witness one of defendant's general committee, who testified that no resolution had been adopted authorizing Kelly to act for defendant in the matter. At this juncture, the defendant's case being still unfinished, the defendant having three more witnesses in court, who were subsequently called, the court interrupted the proceedings by stating, "I want to tell you I will believe Mr. Kelly's testimony against your five witnesses," to which statement defendant duly excepted. Three additional witnesses were then called by defendant, the case was closed, and subsequently the court rendered a judgment in favor of the plaintiff. It is clear that defendant was denied its day in court, and that the judgment cannot be permitted to stand.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.